FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ JUL 08 2015 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTHONY ROSANO,

                Plaintiff,

      -against-

FREEDOM BOAT CORP., DAN FRANK D/B/A
CAREFREE BOAT CLUB, DAN FRANK,
INDIVIDUALLY, AMERICAN MODERN
INSURANCE GROUP, INC., STUART ISRAEL
D/B/A CAREFREE BOAT CLUB, AND STUART
ISRAEL, INDIVIDUALLY,

                Defendants.
------------------------------------------------------------X
FEUERSTEIN, J.

**ORDER**
13-CV-842 (SJF)(AYS)

On February 15, 2013, *pro se*[1] plaintiff Anthony Rosano ("Rosano" or "plaintiff") commenced this action pursuant to 28 U.S.C. §§ 1331 and 1333 against defendants Freedom Boat Corp., Dan Frank d/b/a Carefree Boat Club, Dan Frank individually, Stuart Israel d/b/a Carefree Boat Club, Stuart Israel individually,[2] and American Modern Insurance Group, Inc. ("American Modern"), alleging claims for breach of contract, breach of bailment, breach of contract to purchase insurance, negligence in damaging a vessel, breach of contract of insurance, and failure to pay a claim. *See* [Docket Entry No. 1 ("Complaint" or "Compl.")].[3] Now before

---

[1] Plaintiff was represented by counsel until December 5, 2013. *See* December 5, 2013 Electronic Order.

[2] None of these defendants have appeared in this action and therefore will be collectively referred to as the "Non-Appearing Defendants."

[3] As plaintiff's claims against American Modern concern a marine insurance contact, this Court has jurisdiction over the subject matter of this action by reason of its admiralty jurisdiction. *See* 28 U.S.C. § 1333; *New York Marine & Gen. Ins. Co. v. Tradeline (L.L.C.)*, 266 F.3d 112, 121 (2d Cir. 2001) ("Federal admiralty jurisdiction extends to cases involving marine insurance contracts."); *Am. Home Assur. Co. v. Masters' Ships Mgmt. S.A.*, No. 03-civ-0618, 2004 WL 1161223, at *5 (S.D.N.Y. May 24, 2004) ("Issues stemming from marine insurance contracts fall within a district court's federal admiralty jurisdiction.").

1

the Court is defendant American Modern's unopposed motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. [Docket Entry No. 11 ("Motion for Summary Judgment")]. For the reasons that follow, American Modern's Motion for Summary Judgment is granted.

I.  BACKGROUND[4]

   A.  Factual Background

Plaintiff is the owner of a 2004 Rinker 26' pleasure craft bearing the full identification number RMK75670B404 (the "Vessel"). Compl. ¶ 3. The Complaint alleges that on or about July 15, 2009, plaintiff entered into a written lease agreement with the Non-Appearing Defendants for the use and operation of the Vessel.[5] *Id.* ¶ 8. The Complaint alleges that pursuant to the Lease Agreement, the Non-Appearing Defendants "were responsible for all maintenance, repairs, dockage, and storage of the [Vessel] during the term of the lease agreement, as well as for obtaining a policy of insurance covering the hull and liability of the [Vessel]." *Id.* ¶ 9. The Lease Agreement states that Freedom Boat Corp. doing business as Carefree Boat Club "will maintain required insurance in the amount equal to the current value of the Boats. The insurance policy will name US Bank East RV/Marine as loss payee with

---

[4]   The facts are taken from the Complaint, the undisputed assertions set forth in defendant American Modern's Statement of Uncontested Facts in accordance with Local Rule 56.1 ("Def. 56.1 Stmt.") [Docket Entry No. 11-1], the Declaration of Roderick J. Coyne in Support of Motion for Summary Judgment ("Coyne Decl.") [Docket Entry No. 11-2], and the exhibits attached thereto [Docket Entry Nos. 11-4–11-8]. *See* Local Civil Rule 56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party"); *Gubitosi v. Kapica*, 154 F.3d 30, 31 n.1 (2d Cir. 1998) (deeming admitted all material facts contained in an unopposed Rule 56.1 statement).

[5]   The Complaint states that the aforementioned lease agreement was attached as "Exhibit A" however no exhibits were filed with the Complaint. *See generally* Compl. In support of its Motion for Summary Judgment, American Modern has attached a copy of the lease agreement between plaintiff and Freedom Boat Corp. d/b/a Carefree Boat Club for the lease of the Vessel beginning July 15, 2009 and terminating October 15, 2010. [Docket Entry No. 11-6 (Coyne Decl., Ex. C (the "Lease Agreement"))].

addresses at PO Box 790179, St. Louis, MO 63179-0179. The insurance certificate will be provided to the owner within 14 days of July 15, 2009." Lease Agreement ¶ 9.

Defendant American Modern issued a Passenger/Non-Passenger Water Craft Insurance Policy to Freedom Boat Club, LLC[6] policy number 077CM10085000 for the period from December 31, 2009 to December 31, 2010. [Docket Entry No. 11-7 (Coyne Decl., Ex. D (the "Policy"))]. Under the Policy, the Vessel was one of the units covered as an "**Insured Watercraft**."[7] *See* Policy, Definitions ¶ 9, Declarations page 2. The Policy states that it "is a legal contract between **you** and **us**." Policy, Table of Contents page. The Policy defines "**we**," "**us**", and "**our**" as "the insurance company identified on the declarations." Policy, Definitions ¶ 25. The declarations page lists "American Modern Home Insurance Company" as the insurance company. Policy, Declarations page 1. The Policy defines "**you**" and "**your**" as "the person(s), or organization(s) named on the declarations as the **Named Insured**." Policy, Definitions ¶ 21. The declarations page lists "Freedom Boat Club, LLC" as the named insured. Policy, Declarations page 1. Under Coverage A, which provides for Watercraft Damage Insurance, American Modern agreed to "pay for **loss** to the **Insured watercraft** arising out of an **accident**" provided "[t]he **accident** and the **loss**...occur[e]d during the Policy Period shown on the declarations." Policy, Coverage A. The Policy further provided that "[t]his coverage is for **your** benefit alone" (Policy, Coverage A ¶ 4), and that "[p]ayment for **loss** will be made to **you** and the Lienholder shown in the Declarations" (*id.* ¶ 5.e.) and possibly to "repairers or suppliers." *Id.* The Policy states that American Modern "agree[d] to include any person or organizations

---

[6] Freedom Boat Club LLC is the franchisor of defendant Freedom Boat Corp. *See* Docket Entry No. 11-3 (Memorandum of Law in Support ("Def. Mem.")) at 7.

[7] Terms appearing in bold-faced type are defined in the Policy.

3

identified on the Declarations Page as 'Additional Insureds' as **'insured persons'** under that definition in **your** Policy" (Policy ¶ 13) provided "they are **insured persons** only with respect to **your** activities for which they may be held liable, but not for their own independent negligence or any other liability." *Id.* It is undisputed that plaintiff is not listed as a named insured under the Policy (Def. 56.1 Stmt. ¶ 1) or an additional insured under Coverage A. *Id.* ¶ 2.

B.  Procedural Background

The Complaint alleges four causes of action against the Non-Appearing Defendants for: (1) breach of contract for the Non-Appearing Defendants' failure to make the required payments to plaintiff under the Lease Agreement (*id.* ¶¶ 10-14); (2) breach of bailment for alleged physical damage to the Vessel while in the exclusive custody and control of the Non-Appearing Defendants (*id.* ¶¶ 15-22); (3) breach of contract to purchase insurance for the Non-Appearing Defendants' failure to purchase insurance as required by the Lease Agreement (*id.* ¶¶ 23-27); and (4) negligence for physical damage the Vessel sustained due to the alleged negligence of the Non-Appearing Defendants. *Id.* ¶¶ 38-32. The Complaint also alleges two causes of action against defendant American Modern: (1) breach of contract of insurance, which alleges that American Modern issued a policy of insurance for the Vessel on or about December 31, 2010, that plaintiff is named as an additional insured on said policy, that said policy promises reimbursement for any and all costs and expenses associated with a loss of or damage to the Vessel while in the use and operation of defendants, and that American Modern has failed to pay for the damage to the Vessel (*id.* ¶¶ 33-38); and (2) failure to pay claim, which alleges that American Modern "willfully and purposefully refused to pay Plaintiff for the damage that is a covered loss to the [Vessel] including the full amount of the insurance proceeds due and owing" and that American Modern's "conduct in denying Plaintiff's claim is of morally reprehensible or

4

wantonly dishonest nature" so as to justify a punitive damages award. *Id.* ¶¶ 39-42.

On September 30, 2014, American Modern filed its Motion for Summary Judgment, which plaintiff has not opposed. *See* Motion for Summary Judgment.

II. DISCUSSION

A. Standard of Review

"Summary judgment must be granted where the pleadings, the discovery and disclosure materials on file, and any affidavits show 'that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks omitted). "A fact is material if it might affect the outcome of the suit under the governing law, and an issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 558 (2d Cir. 2012) (internal citations and quotation marks omitted); *see also Crown Day Care LLC v. Dep't of Health and Mental Hygiene of City of New York*, 746 F.3d 538, 544 (2d Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S. 557, 586, 129 S.Ct. 2658, 174 L.Ed.2d 490 (2009) (quotation marks and citation omitted); *see also Fabrikant v. French*, 691 F.3d 193, 205 (2d Cir. 2012).

"The moving party bears the burden of establishing the absence of any genuine issue of material fact." *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010). If this burden is met, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown*, 654 F.3d at 358. "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743 (2d Cir. 2003) (quoting *Anderson*, 477 U.S. at 252) (alterations in original). In order to defeat summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts and may not rely on conclusory allegations or unsubstantiated speculation." *Brown*, 654 F.3d at 358 (internal quotation marks and citations omitted). "Once a movant has demonstrated that no material facts are in dispute, the non-movant must set forth specific facts indicating a genuine issue for trial exists in order to avoid the granting of summary judgment." *Cifarelli v. Vill. of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996). Where a motion for summary judgment is unopposed, a court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2011).

B. Interpretation of Insurance Contracts

"Absent a federal rule, federal courts look to state law for principles governing maritime insurance policies. Thus, this Court will apply New York law in interpreting the Policy." *Gfroerer v. Ace Am. Ins. Co.*, No. 03-civ-0866E(SR), 2004 WL 2966173, at *3 (W.D.N.Y. Dec. 22, 2004), *aff'd*, 184 F. App'x 26 (2d Cir. 2006) (citing *Commercial Union Ins. Co. v. Flagship Marine Servs., Inc.*, 190 F.3d 26, 30 (2d Cir. 1999)); *see also Great Lakes Reinsurance (UK)*

*PLC v. Fortelni*, 33 F. Supp. 3d 204, 208 (E.D.N.Y. 2014) (applying New York law to interpretation of marine insurance contract). Under New York law, the interpretation of a contract "is a matter of law for the court to decide." *Int'l Multifoods Corp. v. Commercial Union Ins. Co*, 309 F.3d 76, 83 (2d Cir. 2002). Construction of an insurance policy "is governed by the rules of construction applicable to contracts generally" (*Christiania Gen. Ins. Corp. of New York v. Great Am. Ins. Co.*, 979 F.2d 268, 274 (2d Cir. 1992)) and "an insurance contract is interpreted to give effect to the intent of the parties as expressed in the clear language of the contract." *Parks Real Estate Purchasing Grp. v. St. Paul Fire & Marine Ins. Co.*, 472 F.3d 33, 42 (2d Cir. 2006) (citation and internal quotation marks omitted); *see also Goldberger v. Paul Revere Life Ins. Co.*, 165 F.3d 180, 182 (2d Cir. 1999) ("In New York State, an insurance contract is interpreted to give effect to the intent of the parties as expressed in the clear language of the contract.") (citation and internal quotation marks omitted). Summary judgment may be granted where the words of a contract "convey a definite and precise meaning absent any ambiguity." *Seiden Assocs., Inc. v. ANC Holdings*, 959 F.2d 425, 428 (2d Cir. 1992).

C. Defendant is Entitled to Summary Judgment

Plaintiff's breach of contract claim against American Modern asserts that "[p]laintiff is named as an additional insured" on the policy of insurance that defendant American Modern issued for the Vessel. Compl. ¶¶ 34-35. However, in support of its Motion for Summary Judgment, defendant American Modern asserts that plaintiff is not the named insured under the Policy (Def. 56.1 Stmt. ¶ 1) nor an additional insured under Coverage A (*id.* ¶ 2) and has attached the Policy which does not name plaintiff as the named insured or an additional insured. *See generally* Policy.

7

"Only the policy owner has standing to sue based on an insurance policy." *Pike v. New York Life Ins. Co.*, 72 A.D.3d 1043, 1049, 901 N.Y.S.2d 76 (App. Div. 2d Dep't 2010). "A non-party to a contract governed by New York law lacks standing to enforce the agreement in the absence of terms that clearly evidence an intent to permit enforcement by the third party in question." *Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009) (citation omitted); *see also Hillside Metro Associates, LLC v. JPMorgan Chase Bank, Nat. Ass'n*, 747 F.3d 44, 49 (2d Cir. 2014), *cert. denied sub nom. Hillside Metro Associates, LLC v. JPMorgan Chase Bank*, 135 S. Ct. 1399, 191 L. Ed. 2d 360 (2015) ("Absent a contractual relationship there can be no contractual remedy. Such a relationship exists if the plaintiff is in privity of contract with the defendant or is a third-party beneficiary of the contract. Proving third-party beneficiary status requires that the contract terms clearly evidence an intent to permit enforcement by the third party in question") (internal citations, quotations, and alterations omitted); *Taggart v. State Farm Mut. Auto. Ins. Co.*, 272 A.D.2d 222, 222, 707 N.Y.S.2d 452, 453 (App. Div. 1st Dept. 2000) ("Plaintiff is not defendant's insured and, thus, has no standing to sue defendant for breach of that policy"). "A party asserting rights as a third-party beneficiary must establish (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for his benefit and (3) that the benefit to him is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate him if the benefit is lost." *Underdog Trucking, LLC, Reggie Anders v. Verizon Servs. Corp.*, No. 09-civ-8918, 2010 WL 2900048, at *5 (S.D.N.Y. July 20, 2010) (citing *Madeira v. Affordable Hous. Found., Inc.*, 469 F.3d 219, 251 (2d Cir. 2006) (citation omitted)); *see also Brown v. AXA RE*, No. 02-civ-10138, 2004 WL 941959, at *3-4 (S.D.N.Y. May 3, 2004) (plaintiffs failed to state a claim under New York law for breach of contact damaging a third-party beneficiary where none of the

plaintiffs' names appeared on the face of the contract and "there [was] no other evidence on the face of the contract to indicate that the parties intended to benefit Plaintiffs").

Plaintiff does not have standing to allege a breach of contract claim against American Modern because he is not a party to the Policy and the Policy does not clearly evidence an intent to permit enforcement by plaintiff. First, it is undisputed that plaintiff is not a party to the Policy. *See* Def. 56.1 Stmt. ¶¶ 1-2; Policy. Second, plaintiff has not claimed to be a third-party beneficiary of the Policy, and the Policy does not indicate an intent to confer a benefit upon plaintiff or any other individual, stating that only Freedom Boat Club, LLC is a Named Insured (*see* Policy, Declarations page 1), that the Policy "is a legal contract between [Freedom Boat Club, LLC]" and [American Modern]" (*see* Policy, Table of Contents page) and that the coverage "is for [Freedom Boat Club, LLC's] benefit alone." Policy, Coverage A ¶ 4. As plaintiff lacks standing to sue defendant American Modern for breach of contract, defendant American Modern is granted summary judgment on plaintiff's fifth cause of action. *See Wells Fargo Bank, N.A. v. ESM Fund I, LP*, 785 F. Supp. 2d 188, 197 (S.D.N.Y. 2011), *aff'd sub nom. Wells Fargo Bank, N.A. v. Fin. Sec. Assur. Inc.*, 504 F. App'x 38 (2d Cir. 2012) ("the ESM Parties are neither parties to nor third-party beneficiaries of the Policy and thus do not have standing to assert a claim for breach of the Policy"); *State v. Am. Mfrs. Mut. Ins. Co.*, 188 A.D.2d 152, 154-56, 593 N.Y.S.2d 885 (App. Div. 3d Dept. 1993) (summary judgment to defendant insurance company and declaration that it had no duty to defend or indemnify plaintiff was appropriate because "plaintiff [did] not appear as a named insured anywhere in the insurance policy" and "there [was] nothing in the insurance policy to demonstrate the intent of [the contracting parties] to benefit plaintiff.").

Defendant American Modern is also entitled to summary judgment on plaintiff's sixth cause of action, which seeks punitive damages and alleges bad faith in that "defendant American Modern Insurance Group, Inc. [] willfully and purposefully refused to pay Plaintiff for the damage that is a covered loss to the Rinker vessel, including the full amount of the insurance proceeds due and owing." Compl. ¶ 40. Plaintiff's sixth cause of action must be dismissed because, for the reasons set forth *supra*, plaintiff has failed to demonstrate the existence of a valid contract between him and American Modern pursuant to which he was a named insured or a loss payee, and "[a] cause of action for breach of the [implied covenants of good faith and fair dealing"]…is dependent upon the existence of an enforceable contract." *United Magazine Co. v. Murdoch Magazines Distribution, Inc.*, 146 F. Supp. 2d 385, 405 (S.D.N.Y. 2001), *aff'd sub nom. United Magazine Co. v. Curtis Circulation Co.*, 279 F. App'x 14 (2d Cir. 2008); *Brown*, 2004 WL 941959, at *4 (dismissing claim for breach of the covenant of good faith and fair dealing because plaintiffs had "not plead any facts to indicate that any Plaintiff was an actual party to the reinsurance contract at issue…and…plaintiffs [had] failed to state a claim that any of them was an intended third-party beneficiary of that contract."). Moreover, plaintiff's sixth cause of action which alleges bad faith and "wrongful conduct in the adjustment and handling of Plaintiff's claim under the policy of insurance" (Compl. ¶ 41) but no other independent tort, must also be dismissed because where "Plaintiffs' allegations of bad faith stem solely from [defendant's] alleged failure to adjust the Plaintiffs' insurance claims under the Policy, that claim of bad faith is not actionable under New York law." *Wingates, LLC v. Commonwealth Ins. Co. of Am.*, 21 F. Supp. 3d 206, 220-21 (E.D.N.Y. 2014); *see also Cont'l Info. Systems Corp. v. Federal Ins. Co.*, 02-civ-4168, 2003 WL 145561, at *3-4 (S.D.N.Y. Jan. 17, 2003) ("[I]n order to obtain extra-contractual damages, there must be allegations of a tort, independent of plaintiff's

claim of bad faith denial of insurance coverage…New York case law does not recognize a claim for extra-contractual damages predicated solely on bad faith denial of insurance coverage."); *New York University v. Continental Insurance Company*, 87 N.Y.2d 308, 639 N.Y.S.2d 283, 662 N.E.2d 763 (1995); *Rocanova v. Equitable Life Assur. Soc. of U.S.*, 83 N.Y.2d 603, 612 N.Y.S.2d 339, 634 N.E.2d 940 (1994).

III. CONCLUSION

For the foregoing reasons, defendant American Modern's Motion for Summary Judgment is granted. The pretrial conference scheduled before the undersigned on July 30, 2015 at 11:15 a.m. is converted into a status conference. The Clerk of the Court is directed to send a copy of this Order to the *pro se* plaintiff who shall, upon receipt of this Order, send a copy of this Order to the Non-Appearing Defendants and file proof of such service with the Court.

**SO ORDERED.**

                                                      s/ Sandra J. Feuerstein
                                                    Sandra J. Feuerstein
                                                    United States District Judge

Dated: July 8, 2015
       Central Islip, New York